

FILED

2003 MAY 14  P 2: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| Walden Residential Properties, Inc., : | |
| Plaintiff, : | Civil Action No.: 3:01-cv-551-J-32HTS |
| vs. : | |
| Genlyte Thomas Group, LLC : | |
| and : | |
| Lightolier Division of Genlyte Thomas Group, LLC, : | |
| Defendants. : | |

**PLAINTIFF'S MOTION FOR PERMISSION TO USE THE
DEPOSITION OF DEFENDANTS' EXPERT JAMES
M. DURKIN AT THE TRIAL OF THIS CASE**

Pursuant to the Court's Order issued on April 4, 2003, Plaintiff hereby files this Motion for Permission to use the Deposition of Defendants' Expert James M. Durkin at the Trial of this Case. Mr. Durkin was retained by Defendants to provide an opinion as to the appropriateness of the design of the thermally protected recessed lighting fixtures. Mr. Durkin was designated as an expert by Defendants on April 4, 2002 pursuant to Rule 26.

Defendants filed a Dispositive Motion for Summary Judgment on October 3, 2002 in which Defendants heavily relied on Mr. Durkin's expert opinions contained in his written report. Defendants also filed a Motion in Limine to Exclude Testimony of Plaintiff's Expert on Product Liability in which Defendants once again relied on Mr. Durkin's expert opinions in his report. Thereafter, on November 13, 2002, Plaintiff had an opportunity to depose Mr. Durkin. During that deposition, Plaintiff was able to expose the weaknesses in Mr. Durkin's opinions, as well as

89

obtain admissions by Mr. Durkin that Plaintiff's contentions in this case are actually true (namely, that it is safer for the thermal protector to be located in the light fixture can as opposed to the junction box; that it would be prudent for Defendants to include in their instructions at least a sentence telling the public that the thermal protector device will not protect under all circumstances of improperly placed insulation; that Defendants' warnings do not tell the full story; that the warnings are inadequate; and that the information contained in Defendants' instructions gives the public a false sense of security).

After Mr. Durkin's deposition was taken, Defendants filed a Notice of Withdrawal attempting to withdraw Mr. Durkin as a designated expert. Plaintiff filed a response to this Notice of Withdrawal indicating that Plaintiff intends to use Mr. Durkin's deposition testimony in the same manner as Plaintiff would be entitled to use the deposition testimony had Defendants not withdrawn Mr. Durkin as a designated expert.

Defendants should not be able to play fast and lose with this Court and the *truth*. Defendants are attempting to undermine the fact finding process by manipulating the process. Plaintiff should be permitted to use Mr. Durkin's deposition transcript at the trial of this case because the jury is entitled to know that Defendants' own lighting expert agrees, among other things, that the Defendants' warnings are inadequate. This is especially so given the fact that Defendants intend to rely heavily on their warnings as a defense at trial.

## **MEMORANDUM OF LAW**

I.  **The fact that Defendants have withdrawn Mr. Durkin's designation as an expert witness does not preclude Plaintiff from using Mr. Durkin's deposition testimony at the trial of this case.**

Rule 32(a) of the Fed.R.Civ.P. provides that a deposition taken in the action in which it is offered may be used against any party who is present or represented at the taking of the deposition or who had timely notice thereof. *See also Schlange-Schoeningen v. Parrish*, 767 F.2d 788, 794 (11th Cir. 1985) (holding that under Rule 32(a)(1) a deposition may be used for any purpose otherwise permitted by the Rules). Ultimately, however, the district court has considerable discretion in how the parties should conduct a trial, and this discretion extends to matters regarding the use of experts at trial. *See Rohrbaugh v. Owens-Corning Fiberglas Corp.*, 965 F.2d 844, 847 (10th Cir. 1992).

For example, the district court may determine the number of expert witnesses that each side may call at trial. *See Coal Resources, Inc. v. Gulf & Western Industries, Inc.*, 865 F.2d 761, 769 (6th Cir. 1989). As such, as long as the district court's decision is not arbitrary and is related to the relevance of the testimony, the district court's decision on the use of experts at trial is discretionary and will not be disturbed on appeal. *Id.* This case warrants the Court using its discretion to allow Plaintiff to use Mr. Durkin's deposition transcript at trial.

The purpose of a trial is the search for the truth. Defendants are attempting to unfairly manipulate the search for the truth by hiding the truth from the jury. This should not be permitted as the court noted in *Selvidge v. United States*, 160 F.R.D. 153 (D.Kan. 1995), a case in which the court ruled that the plaintiff may call, in his case in chief, an expert designated by the defendant. In so ruling, the *Selvidge* court reasoned: "Each party is entitled to retain an

3

expert to offer such testimony. The party retaining the expert may not however, control the expert witness. Expert witnesses, as all other witnesses, are bound to testify truthfully. An expert witness should never become one party's expert advocate. An expert witness should be an advocate of the truth with testimony to help the court and the jury reach the ultimate truth in a case, which should be the basis of any verdict." *Id.* at 156.

Generally speaking, a party who retains an expert may not bar the expert from expressing opinions held by the expert simply because the opinions may adversely affect the retaining party. To this end, the *Selvidge* court went on to state: "Nor may the retaining party control the expert witness in such a manner as to preclude him from expressing opinions which he holds simply because the opinions may adversely affect another party to the case." *Id.*

Defendants argue that they would be unduly prejudiced by allowing Mr. Durkin's deposition transcript to be used by Plaintiff at trial. To a certain extent, Defendants are correct that they would be prejudiced because Mr. Durkin's testimony is not helpful to their defense. However, this prejudice is not an unlawful or an illegal prejudice, it is merely a prejudice that results whenever unfavorable testimony is presented against a party.

Under Defendants' rational, Defendants should not be allowed to make reference to the expert report prepared by Roger C. Landers. Mr. Landers was retained as an expert by Lexington Insurance Company, who was Plaintiff's property insurer. Mr. Landers' retention in this case was before Plaintiff's counsel became involved in this case. Also, Mr. Landers prepared a written report before Plaintiff's counsel became involved in this case. Mr. Landers is not available to testify at trial because of a medical condition. However, Defendants believe that Mr. Landers written report contains some favorable information in it for the defense; and

therefore, Defendants intend to refer to Mr. Landers' report at trial. What is good for the goose is good for the gander! Mr. Landers is not going to be a witness at trial, but yet Defendants intend to refer to his report and the fact that he was retained by Plaintiff. Consequently, Plaintiff should be able to use Mr. Durkin's deposition testimony at trial and inform the jury that Mr. Durkin was retained by Defendants.

## II. Conclusion.

Accordingly, Plaintiff respectfully requests that this Court allow Plaintiff to use the deposition of James M. Durkin at the trial of this case.

Respectfully submitted,

BY: _____
Samuel S. Woodhouse
*Admitted Pro Hac Vice*
Georgia Bar No. 755070
COZEN O'CONNOR
SunTrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
(404) 572-2022 (Telephone)
(404) 572-2199 (Facsimile)
Attorney for Plaintiff

CO-COUNSEL:
Lee S. Haramis
BECKER & POLIAKOFF, P.A.
Florida Bar No. 398070
50 North Laura Street, Suite 1675
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Facsimile: (904) 598-9109

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **PLAINTIFF'S MOTION FOR PERMISSION TO USE THE DEPOSITION OF DEFENDANTS' EXPERT JAMES M. DURKIN AT THE TRIAL OF THIS CASE** has been furnished to Timothy J. Conner, Esquire, Holland & Knight, LLP, 50 North Laura Street, Suite 3900, Jacksonville, Florida 32202, this 14th day of May, 2003.

_____
Attorney