UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WALDEN RESIDENTIAL
PROPERTIES, INC.,

          Plaintiff,

vs.                                   Case No. 3:01-cv-551-J-32MMH

GENLYTE THOMAS GROUP,
LLC, et al.,

          Defendants.

## ORDER

This case is before the Court on a Motion for Permission to Use the Deposition of Defendants' Expert James M. Durkin at the Trial of this Case filed by plaintiff Walden Residential Properties, Inc. (Doc. 89)[1] and an Opposition thereto filed by defendants Genlyte Thomas Group, LLC, and Lightolier Division of Genlyte Thomas Group, LLC (Doc. 91). This case is also before the Court on defendants' ore tenus motion made during a telephone status hearing on July 15, 2003, to re-open discovery for the purpose of obtaining an expert witness to testify regarding the properties of fiberglass insulation.

In its motion, plaintiff seeks permission to use at trial the deposition of James M. Durkin, an expert previously retained, but later withdrawn, by defendants. According to plaintiff, Mr. Durkin was designated by defendants as an expert on April 4, 2002 pursuant to Rule 26 of the Federal Rules of Civil Procedure. Plaintiff asserts that, while deposing Mr. Durkin on November 13, 2002, plaintiff "was able to expose the weaknesses in Mr. Durkin's

---

[1] Plaintiff apparently filed this same motion with the Court twice. See Docs. 89 and 90.

opinions, as well as obtain admissions by Mr. Durkin that Plaintiff's contentions in this case are actually true . . . ." (Doc. 89 at 1-2).

According to plaintiff, after plaintiff took Mr. Durkin's deposition, defendants filed a Notice of Withdrawal of Mr. Durkin as an expert. Plaintiff argues that it should be able to use Mr. Durkin's deposition transcript at trial because defendants are "attempting to unfairly manipulate the search for the truth by hiding the truth from the jury" (Doc. 89 at 3).

In their Opposition to plaintiff's motion, defendants argue that plaintiff should not be able to use Mr. Durkin's deposition testimony at trial because he has been withdrawn by defendants as an expert and, thus, his testimony is not relevant because he has no personal knowledge of the facts of this case. Defendants also argue that Mr. Durkin's deposition transcript "is replete with questioning and testimony on subjects for which he is not qualified and for which he was not tendered as an expert . . . ." According to defendants, Mr. Durkin was retained to testify about the testing required by Underwriters' Laboratories, the procedures for the testing, and the results of the testing Mr. Durkin had performed. They argue that he was not retained to opine on the design of the lighting fixture, whether the fixture was defective, or whether the warnings on the fixture were inadequate. Defendants further argue that admitting Mr. Durkin's deposition testimony would be unduly prejudicial and cumulative.

In Peterson v. Willie, 81 F.3d 1033, 1035 (11th Cir. 1996), the Eleventh Circuit considered whether a district court erred "in allowing the appellees to present the testimony of an expert witness who had been previously retained and designated as a trial witness by [the appellant's] original counsel, but later was discharged." The Court held that the district

2

court erred in permitting the appellee's counsel to elicit the fact that the expert had been previously retained by an attorney representing the appellant, although the Court held that the error did not rise to the level of substantial prejudice mandating a reversal of the district court's judgment. See id. at 1038. The Court stated that, "[o]nce a witness has been designated as expected to testify at trial, there may be situations when the witness should be permitted to testify for the opposing party." Id. The Court noted that "[t]his decision is committed to the sound discretion of the district court" and that, "[w]hile it may generally be possible to permit a party to call a witness without disclosing the fact of his or her prior engagement by the opposing party, there may be little reason to require this effort if other expert witnesses are readily available." Id. at n.4.

The Court concludes that plaintiff should not be permitted to use Mr. Durkin's deposition testimony at trial, given that Mr. Durkin was withdrawn by defendants as an expert, plaintiff has its own experts who can testify at trial, and Mr. Durkin's testimony would be cumulative of plaintiff's other experts.

The Court also concludes that defendants should not be permitted to re-open discovery to obtain an additional expert. According to defendants, they would like to obtain an expert to rebut the testimony of plaintiff's expert, Mr. Nixon, concerning the degeneration of fiberglass insulation. Plaintiff's expert was deposed in November 2002, but defendants waited until July 2003, two months before trial, to seek permission to re-open discovery. Given this unexplained delay and given that defendants are prepared fully to cross-examine Mr. Nixon at trial, defendants will not be permitted to re-open discovery.

Accordingly, upon due consideration, it is hereby **ORDERED**:

1. Plaintiff's Motion for Permission to Use the Deposition of Defendants' Expert James M. Durkin at the Trial of this Case (Docs. 89 & 90) is **DENIED**.

2. Defendants' <u>Ore Tenus</u> Motion to Re-Open Discovery is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this ___16th___ day of July, 2003.

TIMOTHY J. CORRIGAN
United States District Judge

b.
Copies:
counsel of record

4

Date Printed: 07/17/2003

Notice sent to:

    Samuel S. Woodhouse, Esq.
    Cozen O'Connor
    303 Peachtree St., Suite 2200
    Atlanta, GA   30308-3264

    3:01-cv-00551     mgg

    Lee S. Haramis, Esq.
    Becker & Poliakoff, P.A.
    50 North Laura St., Suite 1675
    Jacksonville, FL   32202

    3:01-cv-00551     mgg

    Denis P. McBride, Esq.
    Kent & McBride, P.C.
    1040 Kings Hwy. N., Suite 403
    Cherry Hill, NJ   08034

    3:01-cv-00551     mgg

    James L. Moore, Esq.
    Kent & McBride, P.C.
    1040 Kings Hwy. N., Suite 403
    Cherry Hill, NJ   08034

    3:01-cv-00551     mgg

    Marcus P. Ferreira, Esq.
    Kent & McBride, P.C.
    1040 Kings Hwy. N., Suite 403
    Cherry Hill, NJ   08034

    3:01-cv-00551     mgg

    Timothy J. Conner, Esq.
    Holland & Knight LLP
    50 N. Laura St., Suite 3900
    P.O. Box 52687
    Jacksonville, FL   32201-2687

    3:01-cv-00551     mgg

    Terrence M. White, Esq.
    Upchurch, Watson & White
    125 S. Palmetto Ave.
    P.O. Box 2166
    Daytona Beach, FL   32215-2166

    3:01-cv-00551     mgg